By the Court.—Barbour, Ch. J.
As the entire estate, legal and equitable, of which the testator died seized in the land was vested by the will in the trustee, for the purposes of the trust, no estate or interest in the land itself passed by the deed from the defendants to the grantors named therein (1 H. 8. 729, § 60). It seems clear, however, that the grantors designed and intended by that deed to grant and convey all the property, rights and interest to which they were entitled under the will, to the grantees named in such deed ; and the language employed in the instrument was probably sufficient to carry that design into effect. It appears, too, from a letter written by the legal adviser of the plaintiff, and on his behalf, to the commissioner of internal revenue, respecting the tax in February, 1870, and which was read in evidence by the plaintiff’s counsel upon the trial, that the defendants had then sold their interest under the bequest, to the nine persons named as grantees in the deed.
The interest in the bequest thus sold by the defendants was neither more nor less than the sum which they would have been entitled to receive from the trustee out of, and as the net proceeds of the sale of the lands, and keep to their own use, except for such sale.
The direction given in the will to the trustee to execute to the purchaser of the land a good and sufficient conveyance, therefore, probably of itself authorized him to convey the same subject to outstanding encumbrances, including the tax or duty, which was a lien by the statute, or to pay off such encumbrances so as to pass a clear and perfect title. If he had done the former, the interest of the defendants, in qase they had remained the owners of the bequest, would have been their pro rata share of the purchase price, less the expenses which had been incurred in managing, protecting, and selling the property.
*511 The land, however, was in fact sold clear of encumbrances, and therefore, by the 188th section of the act of 1864, the moneys arising from the sale of the real estate were chargeable with the tax, and it was the duty of the trustee having control of those funds to pay the same; and he was, no doubt, authorized by the law to deduct the proportionate amount thereof from the distributive share of the proceeds of the sale which belonged to the purchasers, from the defendants. For, as the bequest to the defendants was a gift of “net proceeds,” it was undoubtedly the intention of the testator to bequeath to them all of the proceeds of the real estate that should remain in the hands of the trustee after setting aside the sums which he was directed to apply to the other trusts, and paying all such charges upon the prpperty and expenses as it was his duty to pay. It is true, that as the law imposing a tax upon successions was not in existence during the life of the testator, he could not have contemplated the payment "of such tax by his trustee; but the law, when enacted, required the trustee to pay it. The “net proceeds,” therefore, was the sum derived from the sale, which would be left in the hands of the trustee after paying the tax, as well as all other charges, expenses, etc.; and that sum was just the extent of the “interest” which the defendants had in the bequest, and which was sold by them to the nine heirs at law.
The theory of the plaintiff is, that the tax was a charge upon the land; that the defendants were to the extent of their beneficial interest in the bequest the equitable owners of such land, as shown by their deed granting and conveying their interest in it; that it was the duty of the defendants to satisfy such charge; that because of their failure to do so, and the inability of the trustee to make a title without paying the tax, he was compelled to, and did pay and advance the same for the defendants’ benefit, and therefore that he is entitled to recover *512 the amount so advanced. The defendants, however, as we have seen, had no estate or interest in the land whatever, and their deed conveyed only their interest in the ultimate net proceeds to be derived from its sale. There was no charge upon the land because of the tax which the defendants were bound to remove ; but, on the contrary, it was the duty of the plaintiff under the statute to pay such tax out of the proceeds of the sale of the property. The plaintiff’s theory, therefore, is wholly erroneous, and his claim to recover is without foundation. There never was any personal obligation on the part of the defendants to pay the tax, either by the terms of the statute or otherwise.